IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**FILED**

JUL 2 2 2002 ᴸᴿ

LARRY W. PROPES, CLERK
CHARLESTON, SC

CONNELLY MANAGEMENT, INC.,        )
                                  )
                    Plaintiff,    )
                                  )
v.                                )
                                  )
AMERICAN HEARTLAND HEALTH )
ADMINISTRATORS, INCORPORATED; )
NORTH AMERICAN INDEMNITY COMPANY; )
and FERGUSON MARKETING GROUP, )
INC.,                             )
                    Defendants.   )

CASE NO.  **2  02  2440  18**

Pending in:

IN COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO. 02-CP-10-2389

<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant American Heartland Health

Administrators, Inc. ("AHHA") files this Notice of Removal of the above-styled action with this

Court:

1.  Plaintiff Connelly Management, Inc. ("Connelly") filed this action on or about June

4, 2002, in the Court of Common Pleas for the Ninth Judicial District of Charleston County,

South Carolina.  AHHA was served with the Summons and Complaint on June 21, 2002.

Copies of all process, pleadings and orders served on AHHA while this action was in the Court

of Common Pleas for the Ninth Judicial District are attached hereto as Exhibit "A".

2.  AHHA files this Notice of Removal within the thirty (30) day time limit set forth in 28

U.S.C. §1446(b).   AHHA represents to this Court that Counsel for AHHA has attempted to

contact Defendant Ferguson on numerous occasions to obtain Ferguson's consent to this

removal.  As the date of this Removal, AHHA has been unable to reach anyone at Ferguson

to obtain consent; however, we have no reason to believe that Ferguson is opposed to this

removal.  As to Defendant NAI, NAI is a foreign corporation located in Brussels, Belgium, and the only method to obtain service on NAI is through the provisions of the Hague Convention. It appears that the Plaintiff has not begun this process, and thus NAI is not properly served in this case.

3.  This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and may be removed pursuant to 28 U.S.C. §1441. Plaintiff Connelly is the Employer Sponsor of an ERISA Employee Welfare Benefit Plan for which Defendant AHHA served as Plan Fiduciary/Administrator, and which benefit plan was selected for the Plaintiff by Defendant Ferguson, acting in its capacity as an agent for the Plaintiff.  Defendant NAI is the reinsurer of the Plaintiff's Employee Welfare Benefit Plan.  The essence of Plaintiff's Complaint is that AHHA and NAI breached their respective Fiduciary duties to the ERISA Plan and Plan Sponsor.

4.  To the extent that the Plaintiff has any such claims against the Defendants, the claims arise under and are governed by ERISA 29 U.S.C. §§1001 et seq.

5.  The health insurance plan offered by the Plaintiff to its employees is an Employee Welfare Benefit Plan governed by ERISA.  See 29 U.S.C. §§1002, 1003(a).  The Plan does not fall within any exception to ERISA's coverage as described in §4(b) of ERISA, 29 U.S.C. §1003(b).  Accordingly, several of the Plaintiff's State law tort claims undoubtedly "relate to" an Employee Benefit Plan and are expressly preempted by §514(a) of ERISA, 29 U.S.C. §1144(a).

6.  Federal Courts have exclusive jurisdiction over claims such as this Plaintiff's, regardless of the amount in controversy or the citizenship of the parties.  See §502(f) of ERISA

NOTICE OF REMOVAL                                                      PAGE  2

29 U.S.C. §1132(f).

WHEREFORE, Defendant AHHA requests that the Court enter all orders necessary to effect the removal of this action from the Court of Common Pleas of the Ninth Judicial District, County of Charleston, South Carolina to the United States District Court for the District of South Carolina, Charleston Division.

Respectfully submitted,

John A. Claro, Esq., OBA# 1720
RAINEY, GOODWIN, MEE & MARTIN, LLP
600 Union Plaza
3030 Northwest Expressway
Oklahoma City, Oklahoma 73112
Telephone: 405.948.0423
Facsimile:  405.948.8414
E-Mail: romanokie@earthlink.net
LEAD COUNSEL FOR
DEFENDANT AMERICAN HEARTLAND HEALTH ADMINISTRATORS, INC.,
(Admission pending)

Samuel H. Altman, Federal Bar No. 1066
ALTMAN & ALTMAN, P. A.
184 East Bay Street, Suite 203
P. O. Box 339
Charleston, South Carolina 29402
CO-COUNSEL FOR
DEFENDANT AMERICAN HEARTLAND HEALTH ADMINISTRATORS, INC.

_____
Samuel H. Altman

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of July, 2002, a true and correct copy of

the NOTICE OF REMOVAL has been served by First-Class U. S. Mail, postage prepaid

and properly addressed, upon the following:

Douglas A. Barker, Esq.
DOUGLAS A. BARKER, P.A.
171 Church Street, Suite 160
Charleston, South Carolina 29401
Telephone: 843.722.3312
Facsimile:   843.577.0460
E-Mail: mail@douglasbarker.com
ATTORNEY FOR
PLAINTIFF CONNELLY MANAGEMENT, INC.

Sally R. Young, Esq.
CONNELLY MANAGEMENT, INC.
410 Mill Street, Suite 201
Mt. Pleasant, South Carolina 29464
Telephone: 843.849.5293
Facsimile:   843.849.5291
IN - HOUSE COUNSEL FOR
CONNELLY MANAGEMENT, INC.

_____
Samuel H. Altman

OF COUNSEL:
Amy H. Wellington, OBA# 9467
8514 Waverly Avenue
Oklahoma City, Oklahoma 73120
Telephone: 405.858.0338

NOTICE OF REMOVAL                                                    PAGE   4

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

)  IN COURT OF COMMON PLEAS
)  NINTH JUDICIAL CIRCUIT
)  CASE NO. 02-CP-10- 2389

Connelly Management, Inc

           Plaintiff,

vs.

American Heartland Health Administrators,
Incorporated; North American Indemnity
Company; and Ferguson Marketing Group,
Inc.,

           Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

**SUMMONS**

TO:   DEFENDANTS ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to Answer the Complaint herewith served upon you and to serve a copy of your Answer to the said Complaint on Plaintiffs' Attorney, Douglas A. Barker, 171 Church Street, Suite 160, Charleston, South Carolina 29401, within thirty (30) days after the service hereof, exclusive of the day of such service.

      YOU ARE HEREBY GIVEN FURTHER NOTICE that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service thereof, exclusive of the day of such service, Judgment by Default will be entered against you for the relief demanded in the Complaint.

                      DOUGLAS A. BARKER, P.A.

                      Douglas A. Barker
                      171 Church Street, Suite 160
                      Charleston, South Carolina  29401
                      843.722.3312
                      843.577.0460 (facsimile)
                      mail@douglasbarker.com (e-mail)

FILED
JUN 2 5 2002

Charleston, South Carolina
May 31, 2002

STATE OF SOUTH CAROLINA    ) IN COURT OF COMMON PLEAS
                           ) NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON       ) CASE NO. 02-CP-10-_____

Connelly Management, Inc.,      )
                                )
                  Plaintiff,    )
                                )
vs.                             )          COMPLAINT
                                )
American Heartland Health Administrators,  )
Incorporated; North American Indemnity     )
Company; and Ferguson Marketing Group,     )
Inc.,                           )
                                )
                  Defendants.   )

Plaintiff above-named, complaining of the Defendants above-named, alleges and states as

follows:

1.    Plaintiff Connelly Management, Inc. is a corporation organized and existing under the

      laws of the state of South Carolina with its principle place of business located at 410 Mill

      Street, Mt. Pleasant, South Carolina 29464.

2.    Defendant American Heartland Health Administrators, Incorporated ("AHHA"), is a

      corporation organized and existing under the laws of a state other than South Carolina,

      licensed to do business in South Carolina and in the business of providing claims

      administration services for employee insurance plans.

3.    Defendant North American Indemnity Company ("North American Indemnity") is a

      corporation organized and existing under the laws of a state other than South Carolina,

      licensed to do business in South Carolina and in the business of reinsuring employee

      welfare benefit plans.

4.    Defendant Ferguson Marketing Group, Inc. is a corporation organized and existing under

      the laws of the state of South Carolina with its principal place of business located at 815

      East Arctic Avenue, Folly Beach, South Carolina 29439.

5.  Defendant Ferguson Marketing Group, Inc. sold to Plaintiff Connelly Management, Inc., an insurance benefit plan for Plaintiff's employees to be administered by AHHA and insured by North American Indemnity.

6.  Plaintiff Connelly Management, Inc.'s contract with AHHA is dated March 19, 2001.

7.  Plaintiff Connelly Management, Inc.'s contract with North American Indemnity commenced at 12:01 a.m. on March 1, 2001, and was to continue in force for a period of one year.

8.  Plaintiff Connelly Management, Inc. paid in excess of $1,200,00.00 in consideration for the contractual relationships described above.

9.  Plaintiff Connelly Management, Inc., has fully performed all material provisions of the above-referenced contracts.

10. Defendants AHHA, North American Indemnity, and Ferguson Marketing Group have failed and refused to perform pursuant to the above-referenced contracts, and are in breach thereof, to the damage and detriment of Connelly Management, Inc., and it's employees.

### FIRST CAUSE OF ACTION
(Breach of Contract)
(AHHA and North American Indemnity)

11. Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

12. Defendants AHHA and North American Indemnity have failed to perform material provisions of their respective contracts, and are in breach thereof.

13. As a result of these Defendants' breaches of contract, Plaintiff has been damaged in an amount of actual and special damages to be determined at trial

2

## SECOND CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
(AHHA and North American Indemnity)

14. Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

15. Defendants AHHA and North American Indemnity owed a duty of good faith and fair dealing to Plaintiff Connelly Management, Inc.

16. Defendants AHHA and North American Indemnity have failed to act in good faith, thereby breaching the covenant of good faith and fair dealing contained in the above-referenced contracts

17. As a result of Defendants' breach of the covenant of good faith and fair dealing Plaintiff has been damaged in an amount of actual and special damages to be determined at trial.

## THIRD CAUSE OF ACTION
(Breach of Contract Accompanied By a Fraudulent Act)
(AHHA and North American Indemnity)

18. Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

19. Defendants AHHA and North American Indemnity have received payment for services to be rendered.

20. Defendants AHHA and North American Indemnity entered the above-referenced contracts and received payment therefor with the intent not to perform their contractual duties.

21. That Defendants' receipt of money accompanied by their breach of contract as described above was done with the intent to defraud and is actually fraudulent by its nature.

22. As a direct and proximate result of Defendants' breach of contract and accompanying

3

fraudulent act as described above, Plaintiff has suffered and will suffer pecuniary losses and is entitled to actual damages of not less than $1,200,000.00 together with prejudgment interest at 8.75% from the date the contracts were to have commenced; together with damages of an incidental, consequential, and special nature which include but are not limited to costs, interest, and attorneys' fees; plus punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
(Bad Faith)
(AHHA and North American Indemnity)

23.   Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

24.   Defendants AHHA and North American Indemnity have failed and refused to pay the contracted for insurance benefits without reasonable basis and in bad faith.

25.   As a direct and proximate result of Defendants AHHA and/or North American Indemnity's bad faith, Plaintiff Connelly Management, Inc. is entitled to damages in the amount of actual, consequential, and punitive damages to be determined at trial.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
(AHHA and North American Indemnity)

26.   Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

27.   Defendants AHHA and North American Indemnity owed a fiduciary duty to Connelly Management with regard to the above-referenced contracts.

28.   Defendants AHHA and North American Indemnity have breached their fiduciary duty to Plaintiff Connelly Management, Inc.

4

29. As a direct and proximate result of Defendants AHHA and North American Indemnity's breach of their fiduciary duty, Plaintiff Connelly Management, Inc. has been damaged in an amount of actual, consequential and punitive damages to be determined at trial.

**SIXTH CAUSE OF ACTION**
(Negligence)
(Ferguson Marketing Group)

30. Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

31. Defendant Ferguson Marketing Group, Inc., owed a duty of due care to Connelly Management, Inc., which duty has been breached.

32. As a direct and proximate result of Defendant Ferguson Marketing Group, Inc.'s negligence, Plaintiff Connelly Management, Inc. has been damaged in amount of actual, consequential and punitive damages to be determined at trial.

**SEVENTH CAUSE OF ACTION**
(Unfair Trade Practices)
(All Defendants)

33. Plaintiff hereby repeats and realleges the foregoing allegations of the Complaint as if set forth herein verbatim.

34. Defendants' acts, including various actions taken during the marketing of their insurance products, were acts in and affecting commerce.

35. Defendants acted in an unfair, unethical, oppressive, and deceptive manner by:

    a.    making numerous misrepresentations of material facts;

    b.    failing to consider insurance laws and regulations prior to entering contractual relations with Plaintiff when they knew or should have known that such failure threatened to damage Plaintiff and others;

5

    c.       failing to warn Plaintiff and others of the dangers inherent in their insurance product when they knew or should have known of such dangers;

    d.       failing to properly train, instruct, and educate their employees and agents when they knew or reasonably should have known that such failure threatened to damage Plaintiff and others;

    e.       failing to address improper claims practices when they knew or reasonably should have known that such practices threatened to damage Plaintiff and others;

    f.       failing to consider the impact of their failure of performance when they knew or reasonably should have known that such impact threatened to damage Plaintiff and others

    g.       failing to consider or warn Plaintiff and others of the potentially disastrous results of their failure to perform when they knew or reasonably should have known that such impact threatened to damage Plaintiff and others; and

    h.       acting in other ways that may be revealed during discovery and shown at the trial of this action.

36.     As a result of the above-described unlawful, unfair, oppressive and deceptive practices of Defendants, which upon information and belief have happened to others and are capable of repetition, Plaintiff has suffered direct and consequential damages as described elsewhere herein

37.     As a result of Defendants' unfair and deceptive trade practices. Plaintiff has suffered substantial damages to its detriment.

38.    Pursuant to the South Carolina Unfair Trade Practices Act found in the South Carolina

Code, Plaintiff is entitled to treble damages and attorney's fees as a result of Ferguson

Marketing Group's unfair and deceptive trade practices.

WHEREFORE, Plaintiff prays for judgment against these Defendants, jointly and

severally, for actual damages of at least $1,200,000.00, but in an amount to be proven, plus pre-

judgment interest, special damages, consequential damages, punitive damages, statutory treble

damages and attorney's fees, all in amounts to be proven at trial. Plaintiff further prays for such

other and further relief as this Court deems just and proper.

DOUGLAS A. BARKER, P.A.

By: Douglas A. Barker
Attorney for the Defendant
171 Church Street, Suite 160
Charleston, South Carolina 29401
Office: 843-722-3312
Fax: 843-577-0460
Email: mail@douglasbarker.com

Charleston, South Carolina
May 31, 2002